NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREN E. FASULLO,<br><br>     Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Civ. No. 16-2190<br><br>**OPINION** |

THOMPSON, U.S.D.J.

   This matter appears before the Court upon an appeal by Plaintiff Karen E. Fasullo ("Plaintiff") of the final administrative decision by Defendant Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Social Security disability insurance benefits. (ECF. No. 1). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court will deny Plaintiff's appeal of the administrative decision.

**BACKGROUND**

   This case concerns an application for disability benefits. On April 25, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits beginning August 6, 2007. (Social Sec. Admin. Decision ("Decision") at 1, ECF No. 5-2). Plaintiff's claim was denied on November 23, 2012, and denied upon reconsideration on June 4, 2013. (*Id.*). Thereafter, Plaintiff filed a written request for hearing on July 18, 2013. (*Id.*). Plaintiff appeared and testified before Administrative Law Judge Kimberly L. Shiro ("ALJ") on September 17, 2014. (*Id.*). Plaintiff presented evidence of a herniated disc in the lumbar spine, cervical

1

narrowing and slippage, chronic pain, fusion surgery, anxiety, depression, and insomnia.  (*Id.* at 5).  On December 19, 2014, the ALJ denied Plaintiff's application.  (*Id.* at 11).  On April 19, 2016, Plaintiff filed the Complaint currently before the Court, seeking review of the now final administrative decision.  (ECF No. 1).

## LEGAL STANDARD

Under 42 U.S.C.A. §§ 416(i), 423(d)(1)(A), an applicant for disability insurance benefits must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  The Social Security disability insurance benefits program requires that a claimant be fully insured at the time of disability in ordered to qualify.  20 C.F.R. § 414.101(a).

An ALJ determines whether an individual is disabled by following a five-step evaluation process.  20 CFR § 404.1520(a).  First, the ALJ must determine that the individual was no longer engaging in substantial gainful activity.  *Id.* at (4)(i).  Second, the ALJ must determine whether the individual suffered from a severe impairment, i.e. an impairment that limits his ability to do work-related activities.  *Id.* at (4)(ii).  Third, the ALJ must compare the severe impairments to a list of impairments that are severe enough to preclude substantial gainful activity.  *Id.* at (4)(iii).  If the individual has more than one impairment, the ALJ must consider the combination of these impairments to determine whether this combination is of "medical equivalence" with the listed impairments.  *See Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 120 (3d Cir. 2000).  If the ALJ determines that either the impairment or combination of impairments is the medical equivalent of one of the listed impairments, the individual is deemed disabled.  20 CFR § 404.1520(a)(4)(iii).  If the impairment does not meet the criteria, the ALJ then determines the claimant's residual functioning capacity.

Fourth, the ALJ must determine whether the individual possesses the residual functioning capacity to sustain his "past relevant work." 20 CFR § 404.1520(a)(4)(iv). Finally, if the ALJ finds that the individual cannot engage in past relevant work, the ALJ must then consider the individual's residual functioning capacity, age, education, and work experience to determine whether he can perform other kinds of work. 20 CFR § 404.1520(a)(4)(v).

In reviewing the ALJ's decision, the District Court has a "responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence." *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981); *see* 42 U.S.C.A. § 405(g). "Substantial evidence" has been defined as "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389 (1971). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "[D]eference to administrative decisions [is] implied by this standard." *Smith*, 637 F.2d at 970.

## ANALYSIS

The ALJ found and Plaintiff does not dispute that Plaintiff was no longer engaged in substantial gainful activity and that her insured status expired March 31, 2009. Therefore, Plaintiff needed to show that she was disabled between the onset date—August 6, 2007—and March 31, 2009.

The ALJ found and Plaintiff does not dispute that Plaintiff suffered from a severe physical impairment. Plaintiff challenges the ALJ's findings that Plaintiff's mental impairments were not severe and that Plaintiff retained residual functioning capacity sufficient to sustain her past relevant work. Specifically, Plaintiff argues that: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ failed to properly assess the testimony and credibility of Plaintiff regarding her mental impairment and its effect on her ability to work; (3) the ALJ erred in

finding that Plaintiff could perform her past relevant work; and (4) the ALJ improperly failed to give proper weight to the vocation expert's testimony in determining Plaintiff's residual functioning capacity.

After reviewing the record and the parties' submissions, the Court is persuaded that the ALJ based her decision on substantial evidence and satisfactorily explained the basis for her determination that Plaintiff was not disabled within the meaning of the statute during the relevant time period.

**I.     The ALJ Did Not Err in Finding that Plaintiff's Allegations of Mental Impairments Do Not Qualify as Severe Impairments**

Plaintiff argues that the ALJ improperly evaluated the medical evidence and failed to properly assess the testimony and credibility of Plaintiff regarding her mental impairment and its effect on her ability to work.

The ALJ noted that Plaintiff's psychiatric treatment did not start until July 31, 2009, after the relevant time period. (Decision at 3, ECF No. 5-2). The ALJ noted that the DDS state agency consultants stated "there was no evidence of psychiatric history or signs and symptoms of a psychological medically determinable impairment prior to the date last insured" and as such there was "insufficient evidence for an appropriate adjudication" and the ALJ found there was no medically determinable mental impairment prior to the date last insured. (*Id.* at 3–4. *See also id.* at 9; Def.'s Br. at 8, ECF No. 11).

Plaintiff contends that her "complaints of depression [and insomnia] began during her employment with Winfield Security." (Pl.'s Br. at 11, ECF No. 10). Assuming that is in the relevant time period, Plaintiff has failed to argue or present case law that her "complaints," alone, are sufficient to show a medically determinable impairment. Plaintiff has not shown that the ALJ's finding was not supported by substantial evidence or that the ALJ failed to properly

assess the testimony and credibility of Plaintiff regarding her mental impairment and its effect on her ability to work.

Based on the record and the parties' submissions, the Court is satisfied that the ALJ's finding was correct that Plaintiff did not suffer from severe mental impairment during the relevant dates.

Plaintiff also argues that the ALJ failed to give proper weight to Plaintiff's testimony that she was unable to perform her work. (Pl.'s Br. at 13–14, ECF No. 10). However, there was substantial evidence that, while Plaintiff did experience pain during the relevant time period, she maintained motor strength, sensation, and mobility sufficient to be "active and losing weight" and perform sedentary work activities prior to Plaintiff's 2011 surgery. (Decision at 6–8, ECF No. 5-2). This is sufficient for a "reasonable mind" to conclude that Plaintiff was able to perform her work and Plaintiff's testimony was not credible.

Therefore, the Court will find that the ALJ's decision was supported by substantial evidence.

## II. The ALJ Did Not Err in Finding that Plaintiff Had the Residual Functioning Capacity to Sustain Past Relevant Work

The ALJ must determine whether the individual possesses the residual functioning capacity to sustain his "past relevant work." 20 CFR § 404.1520(a)(4)(iv). There are two prongs to this inquiry: the claimant's "residual functioning capacity" and the requirements of the claimant's "past relevant work."

Plaintiff claims both that the ALJ erred in finding that Plaintiff had residual functioning capacity to work at the sedentary exertion level and that Plaintiff's past relevant work was "sedentary." The Court will address each in turn.

A. **Residual Functioning Capacity**

The residual functioning capacity assessment is based on all relevant evidence in the case record of a claimant's remaining capacity to do work despite his impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a).

The ALJ cited Dr. Galst, Dr. Levine, and the DDS state agency consultants respectively as stating that during the relevant time period: Plaintiff had some neck, back, and knee pain but maintained a normal range of motion and could perform sedentary work activities (Decision at 6–8, ECF No. 5-2)[1]; Plaintiff was very active and merely should avoid bending, squatting, and kneeling (*id.* at 8); and Plaintiff was somewhat limited in reaching overhead and should never climb ladders, etc., but was able to work at the light exertion level (*id.* at 9). On that basis, the ALJ found that Plaintiff was not able to participate in a full range of work activities but was not be precluded from all work activity and was able to work at the sedentary level. (*Id.* at 9–10).

The ALJ described substantial evidence that, despite her limitations, Plaintiff was able to participate in sedentary work. Therefore, the Court will affirm this ALJ's finding.

B. **Past Relevant Work**

The ALJ must determine what level of exertion the claimant's past relevant work required, in order to determine if the claimant's residual functioning capacity is sufficient to sustain that past relevant work. 20 CFR § 404.1520(a)(4)(iv). Past relevant work is work that the claimant participated in within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 CFR § 404.1560(b)(1). The ALJ may consider the claimant's description of the work, others' description of the work, and a

---

[1] Dr. Galst noted that Plaintiff suffered from more severe pain after March 31, 2009, but opined that Plaintiff could sustain sedentary work until her July 2011 surgery. (Decision at 8, ECF No. 5-2).

vocational expert or specialist's description of the work, either as the claimant actually performed it or as generally performed in the national economy, in order to determine the level of exertion required to perform the work. *Id.* at § (b)(2).

In this case, the ALJ considered Plaintiff's description of her work activities and vocational expert Rocco Meola's description. Plaintiff herself testified that her position was "sedentary," and the ALJ described in detail the requirements of Plaintiff's past relevant work (Decision at 10, ECF No. 5-2), which were within the types of activities that Dr. Galst, Dr. Levine, and the DDS consultants determined that Plaintiff could participate in during the relevant period. Plaintiff argues that her work was a light exertion level because she was required to lift and carry materials and walk and stand. (Pl.'s Br. at 19, ECF No. 10). However, Plaintiff's lawyer described the work as Dictionary of Occupational Titles number 201.362-030, which is sedentary, and has not previously contested that description. The Court is not persuaded that the ALJ erred in finding that Plaintiff's past relevant work was sedentary and within Plaintiff's residual functioning capacity.

The Court notes that the record reflects that Plaintiff's physical impairments, as well as her mental impairments and the pharmacological response thereto, became more severe *after* the relevant time period. Specifically, Plaintiff's physical pain increased after her 2011 surgery, and Plaintiff began medication and therapy in response to her depression and anxiety in July 2009.

Therefore, the Court finds that there is substantial evidence that Plaintiff had the residual functioning capacity to sustain her past relevant work from April 6, 2007 until March 31, 2009, while Plaintiff was fully insured and thus could qualify for disability insurance benefits.

## **CONCLUSION**

For the reasons set forth above, the decision will be affirmed. An appropriate order will follow.

**Dated:** *1/31/17*  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.